Spalding, J.
The only question we are called upon to consider, is that which arises from the claim of the complainants, that the judgments obtained by the Zanesvillg Bank, the Franklin Bank of Cincinnati, and assigned to complainants,swere a lien at law upon the leasehold estate • of George Reeve, the judgment debtor.
The act regulating judgments and executions provides, “ that the lands and tenements of the debtor shall be bound for the satisfaction of any judgment against such debtor, from the first day of the term at which judgment shall be rendered, in all cases where such land lies within the county where the judgment is entered.”
The lease in question, from the State of Ohio to George Reeve, is to carry with it the use and occupation of a sufficient water power to drive six run of mill stones, with land sufficient for the erection of mills, for the term of thirty years, at an annual rent of twelve hundred dollars, subject to very many conditions and restrictions.
The indenture is in the ordinary form used by the agents of the state in leasing water power upon its canals and river improvements.
The 2Sd section of the act to provide for 'the protection ot the canals of the State of Ohio, etc., has this provision:
“ Every lease, grant, or conveyance of water power shall contain a reservation and condition that the state, or its *405 authorized agents may, at any time, resume the privilege or right tc use the water, or any portion thereof, whenever it may be deemed necessary for the purposes of navigation,” etc.
It will not be denied that a leasehold interest might be sold as a chattel at common law. 3 Black. Com. 417.
And prior to the act of January, 1821, any title by lease might have been sold in the same way in Ohio.
That act required that the interest of the lessee under a permanent lease, when sold on execution, should be appraised as real estate.
The act of March, 1839, provides “ that permanent leasehold estates, renewable forever, shall be subject to the same law of descent and distribution as estates in fee are or may be subject to; and sales thereof, upon execution, or by order or decree of the court, shall be governed by the same laws that may now or may hereafter govern such sales of estates in fee.”
If called upon to decide the question directly, I should hesitate to say that a judgment at law would have a lien upon any leasehold estate whatever. I think the law regulating permanent leaseholds, now in force. in Ohio, has respect only to the treatment after an order of sale or the levy of an execution.
We have no doubt, however, in regard to the case under consideration. The water-rents upon the canals and river improvements of the state, are not permanent leasehold estates. Although they may run thirty years, and may be renewed at the expiration of that term, if the lessee will pay as much as any other person therefor, they may not endure-for a day. They are made entirely contingent upon the exigencies -of the state, and wholly lack that character for permanency and stability which is requisite to elevate them to the • standard of “ lands and tenements,” which alone are subject to judgment liens at law.
So far as regards this question, the bill will stand dismissed-